Loring, J.,
delivered the opinion of the Court.
This is one of a class of cases growing out of the destruction or appropriation of, or damage to, property hy the army or navy during the present war with the rebels.
And it is moved on the part of the defendants to dismiss the petition, because the case is withdrawn from the jurisdiction of the court hy the act of July 4, 1864, and we think the motion must prevail for the reason stated.
The act by its terms covers all cases from the commencement of the rebellion to its close, and takes from this court the power to hear and determine them. There can he no question as to the intent of the statute, and as little, we think, as to the power of Congress to pass it. This court was created hy act of Congress, and it may he abolished by it, and if Congress may annul its jurisdiction it may restrict it. We. think, therefore, that the jurisdiction of this court over this class of cases ceased at and from the time the act of July 4, 1864, went into operation.
It was contended for the petitioners that such a construction of the statute in reference to the cases pending when it was enacted gave to it a retroactive effect.
*140 But such construction only gives force to the act from the time when, by the general provision of law, it went into effect — that is, at and from the date of its passage. And if previous proceedings in cases then pending are thereby rendered of no avail, it is because those proceedings were incomplete and inefficient, without further proceedings here, which the operation of the statute, from its date, prevents.
And the rule of law is that a statute is not to have a retroactive effect unless its terms require it; and we think the terms of this statute do require the precise effect that the counsel for the petitioner-object to as retroactive. It specifies “any claim growing out of the destruction or appropriation of, or damage to, property by the army or navy” from the commencement of the rebellion to the close thereof. “Any claim” means every claim, and therefore these terms include necessarily all cases prior to the statute of 4th July, 1864.
It was also contended on the part of the petitioner that the statute* construed as we have construed it, would impair the obligation of contracts and defeat vested rights; but, as replied at the bar, the statute is not a State statute, and therefore it is not within the provision of the Constitution of the United States restricting State legislation. Moreover, we do not think the statute, as we construe it, has the effect imputed to it, because all the statute acts upon is the jurisdiction of this court, and the jurisdiction of a court can never involve the obligation of a contract, or any vested right; for a court only administers the legal remedy for these; and a statute abolishing, restricting, or enlarging the jurisdiction of a court acts on nothing but the remedy, and in that there can be no vested right, and therefore the rule as to the jurisdiction of a court is unqualified in the text books. Thus, Mr. Sedgewick, speaking of the repeal of statutes, says: “ So if a statute confers jurisdiction in civil cases, and though suits may be instituted and pending at the time of the .repeal, the jurisdiction is gone, and with it the whole proceeding falls to the ground.” (Sedge-wick on Con. and Stat. Law.) A repealing statute, like every other, takes effect from its passage. Judicial construction, and the Constitution of the United States restricting the legislation of the States, have made cases of vested rights and contracts exceptions to the rule; but the reasons of these exceptions are not applicable to statutes annulling or restricting the jurisdiction of courts.
The judgment is that the case be dismissed.
Mr. A. L. Mek riman for claimant.
Mr. J. A. Bingham, United States Solicitor, for the government
Mr. Thorndike Saunders counsel for Mrs. Scott.
The case of Virginia Scott is ruled by the same principles, and a similar judgment must be entered.