Green, Judge,
delivered the opinion of the court :
The Senate of the United States having before it a bill for the relief of the Wales Island Packing Company, claimant in this case, on March 2,1923, adopted a resolution (Senate Bes. 447) referring the bill to this court for findings of fact in accordance with the statute made and provided. (Section 151, Judicial Code.) Pursuant thereto we present herewith a finding of facts which may be properly considered in determining the amount of relief, if any, to be awarded the claimant, together with our conclusions upon the ultimate facts as to the amount of damages which the claimant has sustained by reason of the matters upon which its claim is based. In this connection, we think it proper to state briefly our reasons for these findings. While the claimant does not stand in the position of a party that brings a suit in this court, for convenience in the findings of fact and the opinion it is styled the plaintiff and the United States the defendant.
The salient facts in the case are as follows:
In the years 1902 and 1903 the plaintiff was in the business of catching, curing, and canning salmon and other fish, and for that purpose had a factory and plant established on Wales Island, in Portland Canal, on the southeastern coast of Alaska. The establishment of the company was complete *621 for the prosecution of a successful business. The machinery was all of the latest patterns, and the factory was equipped for a large pack. The site was the only site suitable for such purposes in the entire neighborhood on the American side of the boundary then established and was also most conveniently located with reference to the best fishing grounds and peculiarly well fitted by its natural advantages for the purpose o'f a cannery. The fishing grounds were practically inexhaustible, and a number of circumstances set out more particularly in the findings of fact added to make the site especially well adapted for the location of such a canning factory. The title of the plaintiff to the site and its property located thereon is not disputed so far as its relations with the United States are concerned, which Government had asserted title and sovereignty over the island upon which the factory was located and held possession thereof from the time of the purchase of Alaska from Russia down to the date of the decision of the Alaskan Boundary Tribunal, to which reference is hereinafter made.
The treaty between the United States and Great Britain of January 24, 1903, provided for a tribunal to settle the boundary between Alaska and the British possessions. This tribunal met in London, and without any notice to the plaintiff decided October 20, 1903, that Wales Island belonged to the British possessions in North America. Thereafter the plaintiff could no longer carry on any business at its cannery and was compelled in the year .1912 to sell its plant to a citizen of British Columbia for $3,537.11. The findings of fact show more particularly the reasons why the plaintiff was compelled by the action of the boundary commission to give up its business and sell its plant. We do not repeat these facts because there is practically no dispute on this question.
The plaintiff alleges that it has sustained a loss of $176,-039.19 by reason of the action of the commission. Two objections are set up by counsel for the Government to the claim thus made:
First, -that the claim of the plaintiff is barred by the statute of limitations.
*622 Second, that the amount claimed is far greater than the loss actually sustained.
The defense made that plaintiff’s case is barred by the statute of limitations and the court therefore has no jurisdiction thereof can not be sustained. Whatever claim plaintiff may have is not legal in its nature and is not one as to which the general statute of limitations applies, or the special statute commonly known as the Crawford amendment. The findings of fact show that there has been no delay or laches in presenting the claim to Congress, which in the first instance was the only body that could properly consider it, and when action was taken by the Senate the plaintiff, within reasonable time, presented its case to this court.
We therefore proceed to a consideration of the amount of plaintiff’s damages.
Obviously plaintiff’s damages include the cost of its plant less a reasonable depreciation. As to this cost there is an agreement between the accounts of plaintiff and the Government, but the parties dispute as to the amount of depreciation on the. plant, the value of the site, and other matters, particularly the claim that plaintiff makes as to the value of the plant and location, which the plaintiff computes on the basis of the profit made in 1903. A difference between the parties of $49,623.17 is due to the valuation by the plaintiff of its tangible assets upon a basis of capitalization at 8 per cent of the net return of one and a half years of the factory’s operations. The defendant allows nothing on this item and also computes a large depreciation on the property of plaintiff, while the plaintiff insists that no depreciation at all should be allowed in determining its loss. We do not think that either party has correctly estimated the amount of the plaintiff’s loss or taken the correct basis for determining it. What the plaintiff lost, as we view it, was the fair value of its plant site and everything connected therewith at the time it was put out of business by the decision of the boundary commission, less the $3,537.17 realized from the sale of the property. This fair value was such a sum as a person desirous of and willing to purchase such a property would at that time have paid therefor to a *623 party owning the same who was willing to sell. This amount can not be calculated mathematically in its entirety but must be determined from all of the circumstances of the case, including the matters we have before mentioned. We have given these items due consideration, and in this connection we may say that we think the plaintiff overvalues and the defendant very much undervalues the site, which the facts stated in the findings show was the only suitable site in the entire neighborhood on the American side of the boundary as then established. With reference to the capitalization of value based on the profits made in 1903, our opinion is that it is not proper to measure plaintiff’s loss thereby. Undoubtedly a prospective purchaser would give more for a plant which was a going concern and which had already shown that it was capable of making a profit than one as to which these facts did not appear, and we have taken this into consideration in determining the amount of plaintiff’s loss. Upon a careful consideration of all of the matters bearing thereon we conclude, as an ultimate fact in the case, that after deducting the amount realized from the property, plaintiff’s loss by reason of the action of the boundary commission was $100,000. We have expressed this amount in round figures because there is no way of determining the exact amount, but under the general rules of law we are not by this reason precluded from fixing the sum as accurately as the circumstances will permit.
The plaintiff’s claim is an equitable one, but whether the equity shown by the findings of fact and this opinion is of such a nature as to justify Congress in granting it relief is, of course, a question wholly to be determined by that body.
Whalet, Judge; Williams, Judge; Littletok, Judge; and Booth, OMef Justice, concur.
SUPPLEMENTAL OPINION ON MOTION POR NEW TRIAL
Green, Judge:
The motion for new trial is based upon two propositions which are argued together in the brief which is presented on the motion. The first proposition is that the jurisdiction of this court does not extend to claims growing out of or de *624 pendent upon any treaty stipulation. The second is that by section 5 of the act of March 4,1915, known as the Crawford amendment, the court was prevented from considering the case, notwithstanding the claim had been referred to it by a Senate resolution for the purpose of making a finding of facts in accordance with section 151, Judicial Code.
It must be admitted that if the Senate resolution undertook to give the court jurisdiction to hear and determine a claim against the Government growing out of or dependent upon a treaty stipulation, the court could not take jurisdiction thereof for many reasons. It is not necessary to consider these reasons as the premise upon which they are based does not exist in the case. The claim 'is not founded on the treaty stipulation. It is true that the petition referred to a treaty and that the findings of fact and opinion of the court, in setting forth the history of the case, also refer to the treaty between the United States and Great Britain for the purpose of establishing the boundary line between this country and Canada, but it was entirely unnecessary that this matter should have been mentioned either in the petition, the findings of fact, or the opinion. The foundation of the case was not upon the treaty or any stipulation contained therein. If the treaty had not been entered into it is quite likely the case never would have arisen, but the basis of the case was a matter not mentioned or even referred to indirectly in the treaty.
Counsel for defendant, as we think, misconstrue the Crawford amendment and do not correctly apply the decision of this court in the case of Chase v. United States, 50 C. Cls. 293. The Crawford amendment, among other things, provided in substance that the Court of Claims should not have jurisdiction of any claim which is now barred by the provisions of any law of the United States. It is contended on behalf of the defendant that the Crawford amendment thereby excluded any claim which was in any way barred, and that this claim is barred both by reason of the court being prevented from taking jurisdiction by the statute of limitations and by the fact that the case rests upon a treaty stipulation. We have already shown that the statement with reference to the treaty stipulation has no foundation in fact, *625 and we think it quite clear that the statutes of limitation have no application to the case.
The fundamental error in the argument of defendant, as we view it, arises from a mistake as to the effect of the statute of limitations. The statute of limitations has no effect upon any contractual relation or in general upon the existence of a liability or a moral obligation. It pertains merely to the remedy and prevents the court from rendering any judgment upon a cause of action which is barred thereby. While it also affects the jurisdiction of this court to consider the case, it affects it only when such consideration is for the purpose of rendering judgment or adjudicating the matter involved in any way. It has no application when, pursuant to the statute, a claim is referred to this court by the House or Senate for the purpose of obtaining information in relation thereto.
The question of whether the Crawford amendment applied to cases where the court, independent of the statutory provisions thereof and the statutes of limitation, would otherwise have jurisdiction was taken up and fully considered in the Chase case, supra, and in the opinion thereon the court said:
“ But- the bar which the statute of limitations of six years interposes is applicable only to claims of which, or of the subject matter of which the Court of Claims has cognizance; and if either House of Congress refer a claim of which, or of the subject matter of which, this court has not, or never had, cognizance or jurisdiction, the statute of limitations alone would not prevent its consideration for the purpose of an investigation and report of the facts ” (p. 305).
In the original opinion on the case at bar the court called attention to the fact that the plaintiff had no legal claim of any nature against the Government. Its only claim, if it had any, was a moral one which was not enforceable in this court or in any other, and which this court had no jurisdiction to adjudicate. The doctrine thus laid down in the Chase case has since been applied without discussion either by counsel of the court in its opinions. It is somewhat elaborated in the Chase case, supra, in which reference is made to Corbett’s case, 1 C. Cls. 139.
*626 It should also be noted that counsel for defendant overlook the marked distinction between the two classes of cases that come before this court. One class is that where the findings and opinion of the court are merely advisory, as they are in this case. From such findings and opinion there is no appeal for they are not of a judicial nature, and, like all other advisory opinions, are not binding upon anyone. The other class consists of those which the court is authorized to hear and determine and in which its judgments are final. With reference to this class, in United States v. O'Grady, 22 Wall. 641, 647, 648, the Supreme Court said:
“ The judgment of the Court of Claims, from which no appeal is taken, is just as conclusive under existing laws as the judgment of the Supreme Court ”;
and also that—
“ * * * the judgments of the Court of Claims, where no appeal is taken to this [Supreme] court, are, under existing laws, absolutely conclusive of the rights of the parties,”
and are not subject to the revision of “ any one of the executive departments or of all such departments combined.”
It is to this latter class of cases, where the judgment of the court is final, that the statute of limitations applies. It has no application where the opinions of the court are merely advisory.
The motion for new trial must be overruled, and it is so ordered.
Whalet, Judge; Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.